[No. 75549-3.   En Banc.]
Argued May 12, 2005.     Decided October 13, 2005.

HERIBERTO BERROCAL ET AL., *Respondents*, v. MAX FERNANDEZ
ET AL., *Petitioners*.

*Paul H. Beattie, Jr.* and *Ryan M. Edgley* (of *Edgley & Beattie, P.S.*), for petitioners.

*Daniel Ford* and *Lori J. Isley* (of *Columbia Legal Services*), for respondents.

¶1 OWENS, J. — The Washington Minimum Wage Act (MWA), chapter 49.46 RCW, provides that a minimum hourly wage rate must be paid to employees in this state.

The MWA excludes from the definition of "employee," and thereby exempts from the minimum wage requirements, "[a]ny individual whose duties require that he or she reside or sleep at the place of his or her employment or who otherwise spends a substantial portion of his or her work time subject to call, and not engaged in the performance of active duties." RCW 49.46.010(5)(j). Petitioners Western Range Association and Max and Ann Fernandez (collectively, the Employers) hired respondents Heriberto Berrocal and Rafael Castillo to work as sheepherders, a position requiring them to live and sleep on location. Claiming their pay was inadequate, Berrocal and Castillo ended their work as sheepherders in Washington State and instituted the present action. At issue is whether, as workers who were required to live at their place of employment, they were entitled to the protections of the MWA. The Court of Appeals reversed the trial court's summary dismissal of Berrocal and Castillo's claims. *Berrocal v. Fernandez*, 120 Wn. App. 555, 85 P.3d 969 (2004). We now reverse the decision of the Court of Appeals and hold that the plain language of RCW 49.46.010(5)(j) categorically excludes from the MWA definition of "employee" those workers who are required to "reside or sleep" at their workplace.

## FACTS

¶2 Berrocal and Castillo are Chilean nationals who traveled to the United States under the Department of Labor's H-2A temporary foreign worker program specifically to work as sheepherders. Both entered into labor contracts with the Employers requiring that they reside on the Fernandez ranch and be available 24 hours per day, 7 days per week. Under the terms of the contract, Berrocal and Castillo were paid $650 per month in addition to being provided with room, board, health insurance, and two weeks' paid vacation per year, but they were not entitled to regularly scheduled days off. A sheepherder's duties include, among other things, feeding the sheep, attending to sheep that are injured or sick, and guarding the sheep from

predatory animals. Trained dogs were used to alert Berrocal and Castillo to the presence of predatory animals at all hours of the day and night, at which time they were required to check immediately on the status of the sheep. Additionally, during lambing season, they were required to check on the sheep every few hours during the day and night.

¶3 Berrocal worked for the Employers from February 1999 to June 2000, and Castillo worked for the Employers from March 2000 to June 2000. They allege that their various duties during those periods required work of 12 or more hours per day, but the Employers counter that Berrocal and Castillo actually worked fewer than 8 hours per day. Berrocal and Castillo have requested lost wages pursuant to RCW 49.46.020,[1] exemplary damages, and attorney fees. In response to Berrocal and Castillo's MWA violation claims, the Employers counterclaimed, asserting that Berrocal and Castillo had breached their employment contract. Upon the Employers' motion for summary judgment, the trial court dismissed Berrocal and Castillo's claims, concluding that the "reside or sleep" exclusion in RCW 49.46.010(5)(j) prohibits recovery under the MWA. Division Three of the Court of Appeals reversed, holding that RCW 49.46.010(5)(j) is ambiguous and should be construed to exempt workers who live or sleep at the workplace from the MWA requirements "only for those hours during which they are not engaged in active duties." *Berrocal*, 120 Wn. App. at 563-64. We granted the Employers' petition for review.

## ISSUE

¶4 Under RCW 49.46.010(5)(j), are sheepherders excluded from the protections of the MWA because they live and sleep at the place where they work?

---

[1] RCW 49.46.020 provides:

(2) Beginning January 1, 1999, and until January 1, 2000, every employer shall pay to each of his or her employees who has reached the age of eighteen years wages at a rate of not less than five dollars and seventy cents per hour.

(3) Beginning January 1, 2000, and until January 1, 2001, every employer shall pay to each of his or her employees who has reached the age of eighteen years wages at a rate of not less than six dollars and fifty cents per hour.

## ANALYSIS

■ ■ ¶5 *Standard of Review*. We review petitioners' motion for summary judgment de novo, engaging in the same inquiry as the trial court and viewing the facts, as well as the reasonable inferences from those facts, in the light most favorable to respondents, the nonmoving parties. *See Wilson v. Steinbach*, 98 Wn.2d 434, 437, 656 P.2d 1030 (1982). Summary dismissal is granted if "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law." CR 56(c). As with all questions of law, questions of statutory interpretation are reviewed de novo. *Enter. Leasing, Inc. v. City of Tacoma*, 139 Wn.2d 546, 552, 988 P.2d 961 (1999). Where statutory language is " 'plain, free from ambiguity and devoid of uncertainty, there is no room for construction because the legislative intention derives solely from the language of the statute.' " *Bravo v. Dolsen Cos.*, 125 Wn.2d 745, 752, 888 P.2d 147 (1995) (quoting *Krystad v. Lau*, 65 Wn.2d 827, 844, 400 P.2d 72 (1965)). "In undertaking this plain language analysis, the court must remain careful to avoid 'unlikely, absurd or strained' results." *Burton v. Lehman*, 153 Wn.2d 416, 423, 103 P.3d 1230 (2005) (quoting *State v. Stannard*, 109 Wn.2d 29, 36, 742 P.2d 1244 (1987)). "Only where the legislative intent is not clear from the words of a statute may the court 'resort to extrinsic aids . . . .' " *Burton*, 153 Wn.2d at 423 (quoting *Biggs v. Vail*, 119 Wn.2d 129, 134, 830 P.2d 350 (1992)).

¶6 *Interpretation of RCW 49.46.010(5)(j)*. At issue is the meaning of the MWA exclusion in RCW 49.46.010(5)(j):

(5) "Employee" includes any individual employed by an employer but shall not include:

. . . .

(j) Any individual whose duties require that he or she reside or sleep at the place of his or her employment or who otherwise spends a substantial portion of his or her work time subject to call, and not engaged in the performance of active duties.

Berrocal and Castillo would have us construe subsection (5)(j) as a single exclusion with two conditions: "Any individual [(1)] whose duties require that he or she reside or sleep at the place of his or her employment or who otherwise spends a substantial portion of his or her work time subject to call, and [(2)] not engaged in the performance of active duties." RCW 49.46.010(5)(j). They would thus make no meaningful distinction between those workers who "reside or sleep" at their place of employment and those "who otherwise spend[ ] a substantial portion of [their] work time subject to call." In either event, they argue, a worker is excluded from the MWA definition of "employee" only during that time when the second condition is also satisfied (that is, when the worker is "not engaged in . . . active duties"). Because they assume that the "not engaged in . . . active duties" condition is always necessary for RCW 49-.46.010(5)(j) to apply, Berrocal and Castillo maintain that the exclusion raises factual questions as to when and for how long they were "engaged in . . . active duties" and that these questions necessarily preclude the summary dismissal of their suit.

¶7  In contrast, the Employers read RCW 49.46.010(5)(j) to exclude two distinct categories of workers from the MWA definition of "employee." Under their proposed interpretation, the two categories are identified as "[a]ny individual [(1)] whose duties require that he or she reside or sleep at the place of his or her employment or [(2)] who otherwise spends a substantial portion of his or her work time subject to call, and not engaged in the performance of active duties." RCW 49.46.010(5)(j). The distinction, of course, is that the Employers' interpretation applies the final modifying phrase ("not engaged in the performance of active duties") only within the category of workers who are "otherwise . . . subject to call," while Berrocal and Castillo would apply the final phrase equally to both types of workers. We must determine which interpretation represents the intent of the legislature in creating the RCW 49-

.46.010(5)(j) exclusion. For the reasons that follow, we agree with the Employers.

■ ■ ¶8 First, the syntax of the exclusion directly supports the Employers' interpretation. Subsection (5)(j) consists of the phrase "[a]ny individual" modified by two relative clauses separated by the coordinating conjunction "or." A close examination reveals that the concluding phrase, "and not engaged in . . . active duties," can operate only as an element of the second clause. Permitting the modifying phrase to relate back to the first relative clause, as Berrocal and Castillo advocate, produces a plainly ungrammatical sentence:

> "Employee" . . . shall not include . . . [a]ny individual whose duties require that he or she reside or sleep at the place of his or her employment . . . and not engaged in the performance of active duties.

RCW 49.46.010(5)(j). In contrast, assuming the "not engaged in . . . active duties" phrase functions exclusively within the second relative clause, as the Employers contend, the result is a grammatically correct statement:

> "Employee" . . . shall not include . . . [a]ny individual . . . who otherwise spends a substantial portion of his or her work time subject to call, and not engaged in the performance of active duties.

RCW 49.46.010(5)(j). Here, the concluding phrase is simply the second half of the compound construction "subject to call, and not engaged in the performance of active duties," a compound adverbial phrase describing *how* the individual "spends a substantial portion of his or her work time."[2] In sum, the Employers' reading of RCW 49.46.010(5)(j) is syntactically sound, while Berrocal and Castillo's proposed interpretation is not.

---

[2] The nonstandard punctuation (placing a comma before a conjunction separating two short compound phrases) is not unusual. *See, e.g., Berrocal*, 120 Wn. App. at 557-58 (stating that "Mr. Fernandez contends they worked less than eight hours per day, *and* often substantially less than that" (emphasis added)).

¶9 The Court of Appeals nevertheless declared the text of RCW 49.46.010(5)(j) ambiguous and proceeded to apply a rule of statutory construction known as " '[t]he last antecedent rule.' " *Berrocal*, 120 Wn. App. at 563 (quoting *In re Sehome Park Care Ctr., Inc.*, 127 Wn.2d 774, 781, 903 P.2d 443 (1995)); *see* 2A NORMAN J. SINGER, STATUTES AND STATUTORY CONSTRUCTION § 47.33, at 371-72 (6th ed. 2000) (noting that the rule is no more than "another aid to discovery of intent or meaning and is not inflexible and uniformly binding"). According to the rule, "unless a contrary intention appears in the statute, qualifying words and phrases refer to the last antecedent." *Sehome Park*, 127 Wn.2d at 781. But the rule further provides that "the presence of a comma before the qualifying phrase is evidence the qualifier is intended to apply to *all antecedents* instead of only the immediately preceding one." *Id.* at 781-82 (emphasis added). An example of the application of the rule and its comma exception is found in *Sehome Park*, where the antecedents in a statutory provision at issue were (1) " 'a kidney dialysis facility operated as a nonprofit corporation,' " (2) " 'nursing homes,' " and (3) " 'homes for unwed mothers operated as religious or charitable organizations.' " *Id.* at 777 (quoting LAWS OF 1993, ch. 492, § 305). A comma preceded the qualifying clause (" 'but only if . . .' ") that followed the three entities. *Id.* Employing the last antecedent rule and its comma exception, the *Sehome Park* court reasoned that, given the presence of the comma, the qualifying clause applied to all three antecedents, not just to the last element in the preceding series. *Id.* at 782.

¶10 The Court of Appeals erred in attempting to apply the last antecedent rule to the concluding modifying phrase in RCW 49.46.010(5)(j). As the name of the rule implies, the last antecedent rule is useful only where the modifier in question has more than one antecedent. As we have previously observed, "[t]he last antecedent is the last word, phrase or clause that can be made an antecedent *without impairing the meaning of the sentence*." *In re Estate of Kurtzman*, 65 Wn.2d 260, 264, 396 P.2d 786 (1964) (empha-

sis added). Consistent with this observation, a preceding word, phrase, or clause cannot be an antecedent if the addition of the modifier "impair[s] the meaning of the sentence." In *Sehome Park,* for example, each of the three elements preceding the modifying clause was properly deemed an antecedent, since the modifier could follow any one of the phrases, standing alone, to produce a structurally seamless sentence. Simply put, to be an antecedent, the modifier following it must be a fit. Because, as demonstrated above, the modifying phrase "and not engaged in . . . active duties" is a grammatical fit with only *one* of the two relative clauses in the provision, the Court of Appeals plainly erred in identifying "potentially two antecedent phrases to which the qualifying phrase . . . may apply." *Berrocal,* 120 Wn. App. at 563. The last antecedent rule has no applicability here.

¶11 Next, we look to the practical effect of adopting the interpretation proposed by Berrocal and Castillo. Described succinctly, "[t]he result [would be] that subsection (5)(j) exempts workers who are required to live or sleep at the workplace, but only for those hours during which they are not engaged in active duties." *Id.* at 563-64. Stated differently, the Court of Appeals held that the legislature intended the subsection (5)(j) exclusion to state nothing more than that workers are not entitled to be paid a minimum wage for those hours that they do not work. While it is undoubtedly true that the MWA does not require workers to be paid for time not spent working, the argument that the legislature felt it necessary to reiterate that point by means of the subsection (5)(j) exclusion defies logic, as it would be no exclusion at all. Adopting such reasoning would run contrary to the requirement that we "remain careful to avoid 'unlikely, absurd or strained' results." *Burton,* 153 Wn.2d at 423 (quoting *Stannard,* 109 Wn.2d at 36). Moreover, the nature of the subsection (5)(j) exclusion is to define a worker's status as an "employee." Thus, the practical implication of the Court of Appeals holding is, for example, that Berrocal and Castillo were nonemployees under the

MWA while they were sleeping, became employees for a short time when awoken to ward off predators, and then reverted back to nonemployees upon returning to sleep. This reasoning conflicts with the exclusion's focus on the overall status of the "individual," rather than minute-by-minute variations between activity and inactivity.

¶12 Finally, we find persuasive the Court of Appeals suggestion in *Strain v. West Travel, Inc.*, that an interpretation of RCW 49.46.010(5)(j) that varies the "employee" status of a worker who lives or sleeps on location hour-by-hour, or minute-by-minute, would create myriad accounting and other practical difficulties. 117 Wn. App. 251, 255, 70 P.3d 158 (2003), *review denied*, 150 Wn.2d 1029 (2004).[3] To be sure, such considerations are not dispositive of the interpretation issue by themselves, and they appear to be tolerated to some degree in other exclusions under the MWA. *See* RCW 49.46.010(5)(e) (state or local employee who provides voluntary services excluded from the MWA requirements "but only with regard to the provision of the voluntary services"). However, these potential difficulties do suggest the Employers' interpretation is more appropriate because the legislature likely did not intend such an impractical system for workers who necessarily shift constantly from active duty to personal time and back again.

¶13 In sum, our analysis of both the text of the statute and the unlikely implications inherent in adopting the respondents' proposed construction persuade us that RCW 49.46-.010(5)(j) is intended, as the Employers suggest, to encompass two categories of workers: (1) those individuals who reside or sleep at their place of employment and (2) those individuals who otherwise spend a substantial portion of work time subject to call, and not engaged in the performance of active duties. However, we must also reconcile this case with our previous interpretation of RCW 49-.46.010(5)(j) in *Chelan County Deputy Sheriffs' Associa-*

---

[3] The *Strain* opinion, authored by Division One of the Court of Appeals, is directly in conflict with the *Berrocal* court's interpretation of RCW 49.46.010(5)(j). The resolution of this conflict forms the basis for our review.

*tion v. Chelan County*, 109 Wn.2d 282, 745 P.2d 1 (1987), which Berrocal and Castillo argue supports their proposed interpretation.

¶14 In *Chelan County*, the principal issue was whether "the plaintiffs [were] entitled to compensation under the MWA for time spent on call." *Id.* at 289. The plaintiffs were a class of deputy sheriffs who were paid a monthly salary for a 40-hour workweek but were also required to remain on call for several additional hours. *Id.* at 285. There appears to have been no dispute that, for the 40-hour workweek, Chelan County complied with the MWA wage requirements. Thus, the only question was whether the plaintiffs were entitled to overtime wages for those on-call hours exceeding the standard workweek under the MWA, RCW 49.46.130(2). *Id.* at 289. Chelan County took the position that the plaintiffs were not "employees" under RCW 49.46.010(5)(j), and therefore not entitled to overtime, because they qualified as individuals who " 'otherwise spend[ ] a substantial portion of . . . work time subject to call, and not engaged in the performance of active duties.' " *Id.* at 290 (second alteration in original) (quoting RCW 49.46.010(5)(j)).

¶15 Unfortunately, the *Chelan County* court slightly conflated the analysis of the RCW 49.46.010(5)(j) exclusion with the broader question of whether on-call time is compensable generally. RCW 49.46.010(5)(j) speaks only to whether an individual is an employee and, as a result, subject to the wage requirements of the MWA. If an individual is not an employee under the MWA, the minimum wage requirements are never applicable, whether during an active 40-hour workweek or during on-call time as in *Chelan County*. The *Chelan County* court adopted a four-factor test used by the federal courts to determine whether on-call time is compensable.[4] In the end, the court remanded the case to the trial court for a determination of

[4] The four-factor test was adopted from the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201-219 (1982), and weighs the following: "[(1)] the parties' agreement, [(2)] whether the employees are required to remain on the premises or at any particular place during the on-call time, [(3)] the degree to which the employees are permitted to engage in their own activities during on-call time, and

whether the deputy sheriffs' on-call time was active duty under the MWA. *Id.* at 303.

¶16 Berrocal and Castillo contend that because *Chelan County* analyzed the compensability of on-call time with reference to the "active duties" phrase in RCW 49.46-.010(5)(j), the exclusion was held to apply only to specific activities, rather than categories of workers. Consequently, they reason, the "active duties" phrase should also relate back to the "reside or sleep" phrase because those who reside or sleep are simply on call by other means. We disagree and take this opportunity to clarify the analysis required by RCW 49.46.010(5)(j).

¶17 Whether the RCW 49.46.010(5)(j) exclusion applies is a question of worker categorization rather than the compensability of any given hour in a worker's day. That is, courts must inquire whether a particular worker falls into a class that either (1) resides or sleeps at the place of his or her employment or (2) otherwise spends a substantial portion of his or her work time subject to call, and not engaged in active duties. There is no factual disagreement in this case that Berrocal and Castillo lived and slept at their place of employment. Therefore, they were not employees under the MWA. But as for identifying the second class of workers described in RCW 49.46.010(5)(j), there will often be factual questions as to whether their on-call time is "substantial" and whether that time is or is not spent "engaged in . . . active duties." *Chelan County* provides a useful analysis for the resolution of these issues. However, a question of whether compensation was adequate is not a matter of distinguishing and tallying up, hour-by-hour and minute-by-minute, the time a worker qualifies as an "employee." Instead, the ultimate inquiry is whether, taken as a whole, an individual worker spends a substantial portion of his or her work time subject to call and not engaged in active duties. This is a categorical question requiring an affirmative or negative response.

[(4)] if the employee's availability during on-call time is predominantly for the employer's or the employee's benefit." *Chelan County*, 109 Wn.2d at 291-92.

## CONCLUSION

¶18 The plain language of RCW 49.46.010(5)(j) excludes two categories of workers from the MWA's definition of "employee": (1) those individuals who reside or sleep at their place of employment and (2) those individuals who otherwise spend a substantial portion of work time subject to call, and not engaged in the performance of active duties. Berrocal and Castillo fall factually into the first category. Accordingly, summary judgment dismissal of their MWA claims is appropriate. The Court of Appeals is reversed, and this case is remanded to the trial court for further proceedings consistent with this opinion.

MADSEN, SANDERS, BRIDGE, and J.M. JOHNSON, JJ., concur.

¶19 C. JOHNSON, J. (dissenting) — The majority finds that Heriberto Berrocal and Rafael Castillo are not entitled to a minimum wage simply because they live and sleep on the land where they herd sheep. These workers are denied a minimum wage under the majority's holding whether they work 8 hours a day or 18 hours a day. In order to reach this holding, the majority summarily concludes that RCW 49-.46.010(5)(j) is unambiguous and, therefore, does not look to the purpose of the Minimum Wage Act (MWA) in order to inform its meaning of the provision. The majority's interpretation of RCW 49.46.010(5)(j) is incorrect and inconsistent with our prior case authority.

¶20 The majority finds that RCW 49.46.010(5)(j) is unambiguous because the employers' proposed interpretation of the statute is syntactically correct while that proposed by Berrocal and Castillo is not. In its analysis, the majority discounts the last antecedent rule, concluding this rule is useful only where its modifier has more than one antecedent, and by doing so renders a word in the statute superfluous. Clinging to some rules of statutory interpretation, while ignoring others, the majority maintains that its reading comports with the obvious intent of the legislature and categorically excludes all those who sleep or reside at

their place of employment from receiving a minimum wage. The majority also curiously concludes that the MWA exempts categories of workers, rather than activities, and finds that requiring employers to account for the sheepherders' hours would be impractical.

¶21 Under the MWA, "every employer shall pay to each of his or her employees who has reached the age of eighteen years" a minimum wage provided by statute. RCW 49-.46.020(1). However, RCW 49.46.010 provides that certain workers do not fall within the definition of "employee" and are exempt from the minimum wage requirements. The exemption at issue here, RCW 49.46.010(5)(j), states:

> "Employee" includes any individual employed by an employer but shall not include: . . . [a]ny individual whose duties require that he or she reside or sleep at the place of his or her employment or who otherwise spends a substantial portion of his or her work time subject to call, and not engaged in the performance of active duties.

RCW 49.46.010(5)(j). An employer bears the burden of establishing that an employee is exempt under the statute. Additionally, exemptions from remedial legislation such as the MWA are "narrowly construed and applied only to situations which are plainly and unmistakably consistent with the terms and spirit of the legislation." *Drinkwitz v. Alliant Techsys., Inc.*, 140 Wn.2d 291, 301, 996 P.2d 582 (2000).

¶22 Under the rules of statutory construction, a statute is ambiguous if it is susceptible to two or more reasonable interpretations. *State v. Roggenkamp*, 153 Wn.2d 614, 621, 106 P.3d 196 (2005). If a statute is unambiguous, a reviewing court derives the meaning of the statute solely from the plain language of the provision. However, if the statute is deemed ambiguous, a court may resort to legislative history, principles of statutory construction, and relevant case law in order to ascertain the meaning of the statute. We are duty bound to give meaning to every word the legislature includes in a statute, and we must avoid rendering any

language superfluous. *City of Seattle v. Williams*, 128 Wn.2d 341, 349, 908 P.2d 359 (1995).

¶23 We use common rules of grammar to aid us in construing a statute. The last antecedent rule provides that qualifying words and phrases refer to the last antecedent, unless a contrary intention appears in the statute. *In re Sehome Park Care Ctr.*, 127 Wn.2d 774, 781-82, 903 P.2d 443 (1995). If there is a comma before the qualifier, the comma is evidence that the qualifier is intended to apply to all antecedents, not just the antecedent immediately preceding the qualifier. When the last antecedent rule is applied to RCW 49.46.010(5)(j), the comma preceding "and not engaged in the performance of active duties" is evidence that this qualifier applies to both workers who spend a substantial portion of their work time subject to call and workers who reside or sleep at the place of their employment. This would mean that workers who reside or sleep at their place of employment *and* are engaged in the performance of active duties are entitled to a minimum wage under RCW 49.46.010(5)(j).

¶24 Even if the majority were correct that the last antecedent rule is inapplicable here, the majority's interpretation renders the word "otherwise" superfluous, contrary to the rules of statutory interpretation. Again, every word contained within a statute must be given meaning. The word "otherwise" is defined as "in other respects." WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY 1598 (2002). When drafting this exemption, the legislature provided that those who reside or sleep at their place of employment are not engaged in active duties while residing or sleeping, stating "or [in other respects] spends a substantial portion of his or her work time subject to call, and not engaged in the performance of active duties." RCW 49.46.010(5)(j). Thus, the statute may be reasonably interpreted as exempting workers who reside or sleep at their place of employment, but only those workers who are not engaged in the performance of active duties. If the contrary interpretation were correct, the legislature would not have included the

word "otherwise" within the provision, linking workers who spend a substantial amount of their time subject to call and not engaged in active duties to workers who reside or sleep at their place of employment.

¶25 As the Court of Appeals correctly noted, RCW 49-.46.010(5)(j) is a model of legislative inexactitude. Our job, however, is not to reword the statutory language to reach a preferred result. The statute may be reasonably interpreted as either the employers or Berrocal and Castillo propose. Thus, it is appropriate to resort to the principles of statutory construction in order to ascertain and give effect to the legislature's intent and purpose in enacting RCW 49.46 .010(5)(j). Importantly, the burden is on the employer to establish that an exemption applies to a particular individual. Since either interpretation is plausible, the sheepherders should prevail when we liberally interpret the MWA in favor of the worker.

¶26 In addition to ignoring the rules of statutory interpretation, the majority's conclusion that RCW 49.46-.010(5)(j) exempts categories of workers and not activities runs counter to this court's decision in *Chelan County Deputy Sheriffs' Association v. Chelan County*, 109 Wn.2d 282, 745 P.2d 1 (1987). There, we examined whether law enforcement officers were entitled to compensation under the MWA for time spent on call or whether the officers were exempt under RCW 49.46.010(5)(j). Because the officers spent a substantial portion of their work time on call, we then inquired whether the on-call time was spent engaged in the performance of active duties, finding the following four factors relevant to that determination: (1) the parties' agreement, (2) whether the employees are required to remain on the premises or at any particular place during the on-call time, (3) the degree to which the employees are permitted to engage in their own activities during on-call time, and (4) if the employee's availability during on-call time is predominantly for the employer's or the employee's benefit. The compensability of on-call time is highly dependent on the facts and circumstances of the individual

case. Addressing the compensability of sleep time specifically, we found that this question may be resolved by employing the same four factor test above. Additionally, we noted that the fact the officers remained in their own homes while on call during sleep time militated against a finding that this time was compensable active duty.

¶27 Our discussion of the applicability of RCW 49-.46.010(5)(j) to law enforcement officers in *Chelan County* requires that we examine the activities performed by a worker to determine whether the worker is exempt from the requirements of the MWA. Thus, a worker falls within the exemption if both prongs of the inquiry are satisfied: the worker (1) spends a substantial portion of his or her work time subject to call and (2) not engaged in the performance of active duties. The four factor test outlined in *Chelan County* should also be employed to determine whether a worker who lives or resides where he or she works is engaged in the performance of active duties.

¶28 The majority fails to present a cogent explanation of how exempting the sheepherders from the minimum wage requirements because they live where they are employed while not exempting on-call police officers, even if both the sheepherders and the police officers engage in the performance of active duties, makes any sense whatsoever. Berrocal and Castillo are simply asking that they be paid for the hours they work. This is not an "absurd or strained" result as the majority contends but comports with the spirit of the MWA. As stated above, exemptions from remedial legislation, like the MWA, are narrowly construed. The legislature specified in its enactment of the MWA that "the establishment of a minimum wage for employees is a subject of vital and imminent concern to the people of this state and requires . . . minimum standards of employment . . . ." RCW 49.46.005. The majority's conclusion that Berrocal and Castillo are not entitled to a minimum wage because the exemption focuses on the "overall status of the 'individual,' rather than minute-by-minute variations between activity and inactivity," majority at 595, is incongru-

ent with other exemptions within RCW 49.46.010(5). The majority ignores another provision in which an individual is exempt from receiving a minimum wage when he or she is "engaged in forest protection and fire prevention activities." RCW 49.46.010(5)(h). However, this individual would be entitled to a minimum wage if he or she were performing maintenance on a recreational hiking trail for instance. Similarly, an individual is exempt under the statute when performing hand harvest labor, but the same individual is not exempt when he or she is driving a tractor. *See* RCW 49.46.010(5)(a).

¶29 Finally, the majority's conclusion that the sheepherders are not entitled to a minimum wage because it would be "impractical" for employers is insupportable. The majority reasoned that "the legislature likely did not intend such an impractical system for workers who necessarily shift constantly from active duty to personal time and back again." Majority at 595. This conclusion, however, is at odds with the provisions discussed above where certain activities of a worker's employment are exempt while other activities are not. Employers would necessarily be required to keep track of the different hours spent on the activities covered by the MWA. Requiring employers to keep track of the time the sheepherders spend engaged in active duties during the night is no different from employers keeping track of time workers spend driving a tractor as opposed to working as a hand laborer. The MWA is remedial legislation, enacted to ensure a minimum standard of employment. The MWA was not enacted to guarantee that employers are insulated from timekeeping paperwork.

¶30 Using the common rules of grammar, legislative history of the MWA, and case law to construe the meaning of RCW 49.46.010(5)(j), the majority cannot establish that individuals are exempt under this provision where they (1) live or sleep at their place of employment *and* (2) are not engaged in the performance of active duties. The decision of the Court of Appeals should be affirmed and the case remanded to the trial court for a factual determination of

604

whether Berrocal and Castillo were engaged in active duties.

ALEXANDER, C.J., and CHAMBERS and FAIRHURST, JJ., concur with C. JOHNSON, J.

Reconsideration denied January 3, 2006.