[No. 24475-0-III.   Division Three.   January 4, 2007.]

IRENE PARKER, *Appellant*, v. GLENN TAYLOR ET AL.,
*Respondents*.

*Glenn Taylor* and *Kim Taylor*, pro se.

*Lawrence A. Weiser, Terrence V. Sawyer,* and *Sarah E. Spring* (of *University Legal Assistance, Gonzaga School of Law*), for appellant.

¶1 BROWN, J. — Irene Parker appeals the trial court's CR 12(b)(6) dismissal of her tenant complaint against landlords Glenn and Kim Taylor. We decide the trial court erred by failing to accept Ms. Parker's verified complaint allegations as true as required by CR 12(b)(6). Further, we conclude the trial court erred in interpreting a provision of the Residential Landlord-Tenant Act of 1973 (RLTA), RCW 59.18.312(1). We hold that under RCW 59.18.312(1), a landlord has an affirmative duty to store a tenant's personal property in a reasonably secure place upon the execution of a sheriff's writ of restitution, barring the exceptional circumstances specified in the statute. Accordingly, we reverse the dismissal of Ms. Parker's complaint for property damages allegedly suffered by her when the Taylors put her property out on the curb.

## FACTS

¶2 Because we are reviewing a complaint dismissed under CR 12(b)(6), we recite the verified complaint facts as true. In May 2003, Ms. Parker signed a residential lease agreement with Mr. and Ms. Taylor. In August 2003, Ms. Parker started withholding rent after alleging the Taylors failed to repair residence deficiencies. On September 30, 2003, the Taylors filed an unlawful detainer suit against Ms. Parker. About the same time, Ms. Parker agreed to pay storage fees. On November 3, a commissioner ordered Ms. Parker to pay $1,210 into the court registry by November 10. On December 7, 2003, Ms. Parker wired $1,000 to the Taylors in Gig Harbor. On December 8, 2003, the Taylors, with a deputy sheriff's assistance, evicted Ms. Parker under a writ of restitution.

¶3 "On December 8, 2003, [the Taylors] did not ask, nor did [the Taylors] suggest, whether [Ms. Parker] wanted her personal property to be placed in storage or some other secure place." Clerk's Papers at 4. As a result of these events, Ms. Parker alleges her property was put on the curb and became "missing." *Id.* at 5. According to Ms. Parker, the Taylors "have consistently ignored [her] requests to return the missing property collected at the time [she] was removed from the premises." *Id.*

¶4 In October 2004, Ms. Parker, with the help of University Legal Assistance, sued the Taylors for their failure to properly store her property under RCW 59.18.312(1). Mr. and Ms. Taylor denied the relevant complaint allegations and moved under CR 12(b)(6) to dismiss for failure to state a claim. Ms. Parker countered by requesting partial summary judgment. The court granted the Taylors' motion to dismiss, concluding RCW 59.18.312(1) created no affirmative duty upon a landlord to store a tenant's property. Ms. Parker appeals.

## ANALYSIS

¶5 The issue is whether the trial court erred in dismissing Ms. Parker's complaint as not stating a claim for relief under CR 12(b)(6) and in concluding RCW 59.18.312(1) creates no affirmative duty upon a landlord to store a tenant's personal property upon a sheriff's execution of a writ of restitution. Ms. Parker contends Mr. and Ms. Taylor had a statutory duty to store her property, rather than placing it near the curb. She contends the legislature's use of the word "may" in RCW 59.18.312(1) applies to the entire chain of events within the statute (entering the premises, taking possession of a tenant's property, and storing the property) as a whole, and not to each event separately.

¶6 We review a trial court's CR 12(b)(6) dismissal regarding a statutory interpretation issue de novo. *Dep't of Labor & Indus. v. Gongyin,* 154 Wn.2d 38, 44, 109 P.3d 816 (2005); *Burton v. Lehman,* 153 Wn.2d 416, 422, 103 P.3d 1230 (2005).

¶7 Our goal in interpreting a statute is to give effect to the legislature's intent. *Gongyin*, 154 Wn.2d at 44. We look no further than the plain language of the statute itself if it is unambiguous on its face. *Berrocal v. Fernandez*, 155 Wn.2d 585, 599, 121 P.3d 82 (2005). A statute is unambiguous if it is susceptible to only one reasonable interpretation after "considering the *statute as a whole*, giving effect to all that the legislature has said, and *by using related statutes* to help identify the legislative intent embodied in the provision in question." *Gongyin*, 154 Wn.2d at 45 (emphasis added). We "give meaning to every word the legislature includes in a statute, and we must avoid rendering any language superfluous." *Fernandez*, 155 Wn.2d at 599-600.

¶8 RCW 59.18.312(1) states:

A landlord may, upon the execution of a writ of restitution by the sheriff, enter and take possession of any property of the tenant found on the premises and store the property in any reasonably secure place. If, however, the tenant or the tenant's representative objects to the storage of the property, the property shall be deposited upon the nearest public property and may not be moved and stored by the landlord. If the tenant is not present at the time the writ of restitution is executed, it shall be presumed that the tenant does not object to the storage of the property as provided in this section. RCW 59.18.310 shall apply to the moving and storage of a tenant's property when the premises are abandoned by the tenant.

¶9 The legislature's use of the word "may" in RCW 59.18.312(1) can be viewed in light of its use of the same word in a closely related statute. *Gongyin*, 154 Wn.2d at 45. RCW 59.18.312(1) cites to RCW 59.18.310 for the storage of a tenant's property if the tenant abandons the premises. RCW 59.18.310(2)(b) states: "In the event of such abandonment of tenancy . . . , the landlord *may* immediately enter and take possession of any property of the tenant found on the premises and *may* store the same in any reasonably secure place." (Emphasis added.)

¶10 Unlike RCW 59.18.310(2)(b), RCW 59.18.312(1) does not expressly state that a landlord "*may* enter" and "*may*

store" a tenant's personal property. Instead, it includes "storage" within a list of events that must occur together. RCW 59.18.312(1). The legislature's use of the word "may" in RCW 59.18.312(1) is distinctly different from its use in RCW 59.18.310, showing its intent to require a landlord to store a tenant's property once the landlord chooses to enter the premises and take possession of the tenant's property. *Gongyin,* 154 Wn.2d at 44-45.

¶11 RCW 59.18.312(1) is not ambiguous. The word "may" applies to the chain of events in .312(1) as a whole. *Gongyin,* 154 Wn.2d at 45. A leading scholar agrees:

> A 1991 addition to the Residential Landlord-Tenant Act makes elaborate provision for the landlord's removal of the tenant's personal property upon the sheriff's execution of a writ of restitution. If it was ever true that the landlord had no responsibility for items so removed, that is no longer true. The landlord is required to store the goods or to relinquish possession if the tenant demands it, and to give certain notices to the tenant.

17 WILLIAM B. STOEBUCK & JOHN W. WEAVER, WASHINGTON PRACTICE: REAL ESTATE: PROPERTY LAW § 6.81, at 451 (2d ed. 2004).

¶12 Further, public policy supports this plain language analysis. *See Donaldson v. City of Seattle,* 65 Wn. App. 661, 671, 831 P.2d 1098 (1992). A landlord's right in quickly recovering his or her property is balanced with a tenant's personal property rights. A tenant who abandons a residence, leaving personal property, leaves on his or her own free will and may be presumed to have taken the belongings he or she desires, whereas a tenant who is escorted off the premises by a sheriff, upon the execution of a writ of restitution, does not leave on his or her own free will and is leaving without removing all his or her desired belongings.

¶13 The trial court erred in not taking Ms. Parker's complaint allegations as true when ruling on the Taylors' CR 12(b)(6) motion. When a landlord executes a writ of restitution and enters the premises taking possession of the tenant's property, RCW 59.18.312(1) creates a landlord

duty to "store the property in any reasonably secure place" unless a tenant objection is lodged "to the storage of the property." According to Ms. Parker's verified complaint we must consider true on a CR 12(b)(6) motion, she did not object to the storage of her property and even offered to pay for storage. Accordingly, the trial court erred in dismissing Ms. Parker's complaint.

## ADDITIONAL CONTENTIONS

¶14 Having so ruled, we do not address Ms. Parker's additional contentions related to remedies, conversion, and bailment. These matters remain for trial. Further, we note that although Ms. Parker moved to strike portions of the Taylors' briefing, we have not been hampered in our review. Thus, the motion to strike is denied.

¶15 Ms. Parker requests attorney fees under RAP 18.1. Because she has prevailed here, our commissioner will determine costs. However, Ms. Parker's request for fees under RCW 59.18.230, related to impermissible detention of a tenant's property, is premature and will abide any further proceedings below.

¶16 Finally, the Taylors request attorney fees and costs under RAP 18.1 and the lease. However, they have not prevailed here and the merits of the case have not yet been adjudicated. Accordingly, their request for attorney fees and costs here are denied.

¶17 Reversed.

SWEENEY, C.J., and KULIK, J., concur.