# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION  II

| | |
|---|---|
| In the Matter of the Personal Restraint of<br><br>PAUL JASON BURKS,<br><br>        Petitioner. | No.  52798-7-II<br><br><br><br><br>UNPUBLISHED OPINION |

GLASGOW, J. -- Paul Burks seeks relief from personal restraint imposed as a result of his 2016 conviction for felony violation of a court order.  We deny the petition.

## FACTUAL BACKGROUND

Burks and Tanya Bierlein were in a relationship for about three years.  After they broke up, a domestic violence no-contact order prohibited him from contacting her.  Nevertheless, Burks called and texted Bierlein.  She testified that he then arrived at her house uninvited.  She alleged when she saw Burks in her home, she attempted to call 911 but he took the phone from her.  She testified she went to yell for help but he grabbed her, started to choke her, and threatened her.  He eventually let go and left the room.  Bierlein contacted the police the next day.

Burks was charged with felony violation of a court order, first degree burglary, and interfering with reporting of domestic violence, with a domestic violence special allegation for each charge.  Prior to trial, Burks stipulated to two prior convictions for violating a court order, which elevated the current violation of a court order to a felony charge.  Burks certified that he

was making the stipulation freely and voluntarily. After a colloquy, the trial court found Burks entered into the stipulation knowingly, intelligently, and voluntarily.

The jury convicted Burks of violating a court order. The jury acquitted him of first degree burglary and interfering with reporting domestic violence. Burks was sentenced to 47 months followed by 12 months of community service.

Burks appealed and this court affirmed his conviction and sentence. Burks then filed this timely personal restraint petition.[1] He raises 16 issues.

ANALYSIS

Granting a personal restraint petition is an extraordinary remedy, and therefore a petition must meet a high standard. *In re Pers. Restraint of Finstad*, 177 Wn.2d 501, 506, 301 P.3d 450 (2013); *In re Pers. Restraint of Coats*, 173 Wn.2d 123, 132-33, 267 P.3d 324 (2011). If the petitioner claims constitutional error, he must show the error resulted in actual and substantial prejudice. *In re Pers. Restraint of Woods*, 154 Wn.2d 400, 409, 114 P.3d 607 (2005). If the petitioner claims nonconstitutional error, he must show the error resulted in a fundamental defect that inherently resulted in a complete miscarriage of justice. *In re Pers. Restraint of Schreiber*, 189 Wn. App. 110, 113, 357 P.3d 668 (2015). The petitioner must show error by a preponderance of the evidence. *In re Pers. Restraint of Yates*, 177 Wn.2d 1, 17, 296 P.3d 872 (2013).

Issue 1. Burks argues that a "'*Smith*' affidavit" sworn by the victim was improperly admitted because it violated the "*Crawford* Confrontation Clause." Pet. at 4. An affidavit was

---

[1] This court issued the mandate of Burks's direct appeal on March 19, 2018, making his December 3, 2018 petition timely filed. RCW 10.73.090(3)(b).

discussed in case the victim could not testify. However, the victim did testify and the disputed affidavit was not admitted. Therefore, there is no factual basis for this claim.

Issues 2 and 3. Burks argues that the trial court erred in admitting inflammatory photographs of the victim's injuries and screenshots showing he called and texted her. Burks states that under a "photographic inflammatory evidence rule" and ER 403 the prejudicial effect outweighed the probative value. Pet. at 4.

He seems to say the photos of the victim's injuries lack probative value because there is no date and time to show when the injuries occurred. Additionally, he argues the screenshots showing that his number called and texted the victim should not have been allowed because the photos did not include the date, day, or time. He argues these photos are highly prejudicial and the prejudice outweighs any probative value.

We review a trial court's ruling on admissibility of evidence for abuse of discretion. *State v. Darden*, 145 Wn.2d 612, 619, 41 P.3d 1189 (2002). Abuse of discretion occurs when the trial court's decision is "manifestly unreasonable or based upon untenable grounds or reasons." *State v. Powell*, 126 Wn.2d 244, 258, 893 P.2d 615 (1995).

Burks did not object to the foundation laid for admission of the photographs at trial. Furthermore, although there was not a date or time on the photos, they were entered into evidence during the victim's testimony and the victim identified each one. Finally, Burks has not offered any arguments as to why the trial court's ruling was manifestly unreasonable or based on untenable grounds. He fails to show the trial court abused its discretion in admitting the photographs.

Issue 4.  Burks argues that the no-contact order he was convicted of violating was "invalid on its face" because it did not list the address of the residence, school, or workplace of the person he was restrained from approaching.  But he does not identify any such requirement of a specific address.  Burks provides no citation to authority, and we will not consider this passing treatment.  RAP 10.3(a)(6).[2]

Issue 5.  Burks argues that the prosecutor misstated the law when he referred in closing argument to proof beyond "'a' reasonable doubt" instead of beyond "'any' reasonable doubt.'"  Pet. at 4.  Burks does not identify why he believes the correct standard should be "beyond any reasonable doubt."  11 *Washington Practice:  Washington Pattern Jury Instructions:  Criminal* 4.01, at 93 (4th ed. 2016) refers to "beyond a reasonable doubt."  And instruction no. 3 in Burks's trial correctly stated the law as requiring proof "beyond a reasonable doubt."  Clerk's Papers (CP) at 33.  Finally, Burks cites to no authority requiring the burden to be stated as "beyond any reasonable doubt."  This argument fails.

Issue 6.  Although this claim is unclear, Burks appears to be arguing that under the last antecedent rule and comma corollary rule, he had to have committed an act of violence within 500 feet of the victim's residence, school, or workplace to violate the court order.  But the last antecedent rule and comma corollary rule are rules of statutory interpretation.  *Berrocal v. Fernandez*, 155 Wn.2d 585, 593, 121 P.3d 82 (2005).  Additionally, the court order separately states that Burks is not to contact the victim "directly, indirectly, in person or through others, by

---

[2] RAP 10.3 applies to personal restraint petitions through RAP 16.10(d).

phone, mail, or other electronic means." CP at 7. Therefore, the last antecedent and corollary rule did not limit the court order as Burks suggests.

Issues 7 and 10. Burks argues that the trial court erred in not giving a *Petrich*[3] unanimity jury instruction. Although the jury instruction does not mention *Petrich* itself, the court gave the unanimity instruction discussed in that case.

Issue 8. Burks appears to argue that the trial court erred in not providing the jury an instruction defining violation of a court order that required proof of an act of violence within 500 feet of the victim's residence, school, or workplace. He also seems to assert that the prosecutor improperly argued the same. He seems to say the court and prosecutor improperly argued only that he violated a term of the order, and instead they should have defined which terms of the order that Burks violated. He argues the alleged error precluded the jury from finding him guilty of only a gross misdemeanor, since that is the punishment for violating a term.

But as addressed above, there is no requirement of violence to support a conviction for violation of a court order. The prosecutor correctly argued the order also prohibited any contact with the victim. Therefore, the facts do not support this claim.

Issue 9. Burks argues that he did not understand the consequences of his stipulations to his predicate convictions, which elevated his charge to a felony. He also claims that his attorney coerced him into signing. The only facts Burks gives to support that he was coerced is that his attorney told him signing the stipulation was in his best interest.

---

[3] *State v. Petrich*, 101 Wn.2d 566, 569, 683 P.2d 173 (1984), overruled in part on other grounds by *State v. Kitchen*, 110 Wn.2d 403, 756 P.2d 105 (1988).

But the trial court conducted an extensive colloquy with Burks before accepting the stipulations in which Burks stated that he discussed the stipulations with his trial counsel, did not have any questions about them, had not been promised or threatened into signing them, and was freely and voluntarily entering into them. Additionally, the stipulation included a certification that clearly told Burks the stipulation was a substitute for the State submitting certified copies of previous judgments. The certification also had a section that acknowledged he entered into the stipulation freely and voluntary and that he understood.

Valid guilty pleas must be knowingly, intelligently, and voluntarily made, which is determined from the totality of the circumstances. *State v. Branch*, 129 Wn.2d 635, 642, 919 P.2d 1228 (1996). Even applying the same standard to this stipulation that elevated Burks's crime to a felony, a defendant's signature is a strong indication of voluntariness. *Id.* Additionally, to overcome the defendant's in-court admissions, more is required than bare allegations by the defendant. *State v. Osborne*, 102 Wn.2d 87, 97, 684 P.2d 683 (1984). Burks does not present evidence sufficient to undermine the trial court's finding that he stipulated knowingly and voluntarily.

Issue 11. Burks argues that cumulative evidence was admitted against him because exhibits 8, 9, 10, and 11 were admitted more than once. While the exhibits were used more than once, they were only admitted once. And there is no prohibition against referring to admitted exhibits more than once during trial.

Issue 12. Burks argues that the trial court erred in admitting photographs showing the victim's bruising that he asserts were not taken by the police and were provided to him four days before trial after he had been incarcerated for four and a half months. He also argues this is a violation of ER 403 because the photos were highly prejudicial and the prejudice outweighed their probative value. We have addressed Burks's ER 403 argument about the photographs above. And Burks does not allege facts to establish how any late disclosure of pictures of the victim's injuries prejudiced him. This claim is not supported by sufficient facts or argument. RAP 10.3(a)(6).

Issue 13. Burks argues that the prosecutor engaged in misconduct when he stated in closing argument that Burks "'couldn't keep a straight story when questioned by [l]aw enforcement.'" Pet. at 6. Burks then states it "is improper for a prosecutor to step into the shoes of a defendant and represent his thought process when those facts are not in evidence." Pet. at 6.

To prevail on prosecutorial misconduct, the defendant must prove the statement was improper and prejudicial. *State v. Allen*, 182 Wn.2d 364, 373, 341 P.3d 268 (2015). If the defendant failed to object, then "the defendant is deemed to have waived any error, unless the prosecutor's misconduct was so flagrant and ill intentioned that an instruction could not have cured the resulting prejudice." *State v. Emery*, 174 Wn.2d 741, 760-61, 278 P.3d 653 (2012).

Burks claims that the prosecutor should not have pointed out inconsistencies in his statements to law enforcement, but the prosecutor's arguments in closing were supported by testimony. Burks does not cite to any authority establishing that it is misconduct for a prosecutor to point out inconsistencies in the defendant's story. Burks does not further explain how the prosecutor misrepresented his thought process. Burks provides no other explanation as to why he

believes the prosecutor's comment was improper, let alone flagrant or ill intentioned. Burks fails to explain how the statement was improper or prejudicial.

Issue 14. Burks argues that the victim was not credible because she has a prior forgery conviction. Evidence that a witness has committed a crime can be admitted if it involves dishonesty or a false statement and the conviction is less than 10 years old. ER 609. Here the victim's conviction was more than 10 years old. Moreover, such evidence would go to the credibility of the witness and would not prevent her from testifying as Burks seems to argue. Her credibility was an issue for the jury not reviewable by this court. *State v. Thomas*, 150 Wn.2d 821, 874-75, 83 P.3d 970 (2004).

Issue 15. Burks argues that due to ineffective assistance of counsel, the stipulation caused him to receive "five extra points." Pet. at 7. But he does not offer proof he did not have the prior convictions that the trial court relied upon in sentencing. And this court found his standard sentence range was correctly calculated in his direct appeal, *State v. Burks*, No. 49359-4-II. Thus, he provides nothing to establish that his counsel's representation was deficient.

Burks also argues his 12 months of community supervision was incorrect because he was found guilty of only a text message, not violence. His crime was a crime against persons under former RCW 9.94A.411(2) (2006), even though it was not a violent crime, so a 12-month term of community custody was required. RCW 9.94A.701(3)(a).

Finally, Burks challenges a "High Violent Classification" because he says the victim was not credible and the State did not prove violence. Pet. at 7. But Burks provides no citation to the record for this classification and this court was unable to find such a classification in his judgment and sentence. The trial court did check the "Serious Violent / Violent Offense, Crime Against a

Person and/or Drug Offense" box. CP at 81. As stated above under former RCW 9.94A.411(2), violation of domestic violence court order is a crime against a person so this box was appropriately checked.

Issue 16. Burks stated in his petition that his appellate counsel provided ineffective assistance. He attached a declaration by his appellate counsel which detailed conversations the appellate counsel had with Burks regarding his statement of additional grounds (SAG) on direct appeal. Burks sent his appellate counsel his SAG and a motion for extension of time. However, the attorney was on vacation when the documents arrived. The attorney did not realize Burks wanted him to file the SAG and motion since he had told Burks that Burks needed to file it himself. The appellate attorney told Burks he could attempt to bring an ineffective assistance of counsel claim arguing the appellate counsel was ineffective because he failed to raise those SAG issues in the direct appeal.

Burks did not provide any argument regarding the ineffective assistance of his appellate counsel. It is unclear if he believes the failure to raise the SAG issues in the direct appeal or file his separate SAG was the basis of the ineffective assistance claim. This court will not review issues if inadequate arguments have been made. *State v. Johnson*, 119 Wn.2d 167, 171, 829 P.2d 1082 (1992); *State v. Olson*, 126 Wn.2d 315, 321, 893 P.2d 629 (1995). And even assuming Burks intended his argument to track counsel's declaration, appellate counsel told Burks he had to file the SAG himself. Accordingly, ineffective assistance of appellate counsel does not warrant granting the petition.

No. 52798-7-II

In sum, Burks does not establish any error and thus, he fails to present any valid grounds for relief from restraint. We therefore deny his petition.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

GLASGOW, J.

We concur:

WORSWICK, P.J.

SUTTON, J.

10