903 P.2d 443 (1995)
127 Wash.2d 774
In re SEHOME PARK CARE CENTER, INC., et al.
ALL SEASONS LIVING CENTERS, INC., Sehome Park Care Center, Inc., Park West Care Center, Inc., Park Ridge Care Center, Inc., Greenwood Park Care Center, Inc., Highline Park Care Center, Inc., and Park Rose Care Center, Inc., Appellees,
v.
The STATE of Washington, Department of Revenue, Canadian Imperial Bank of Commerce, United States of America Department of Treasury, Robert Fawbush, Patti Tucker, and Len McComb, Appellants.
No. 62536-1.
Supreme Court of Washington, En Banc.
October 12, 1995.
*444 Lane, Powell, Spears & Lubersky, Bruce Leaverton, Michael King, Seattle, Lane, Powell, Spears & Lubersky, George Mastrodonato, Olympia, for appellee.
Christine O. Gregoire, Attorney General, John Barnes, Asst., for appellant.
ALEXANDER, Justice.
The United States District Court has certified to us the following state law question: "Whether for-profit nursing homes are entitled to take a patient services exemption to their Business & Occupation taxes under RCW 82.04.4289." (Order Certifying Question to Supreme Court at 1.) The answer to that question is no.
In 1992, Sehome Park Care Center, Inc., and several other for-profit nursing homes petitioned for bankruptcy in the United States District Court, Western District of Washington at Seattle. Their petitions were consolidated by the bankruptcy court. The Petitioners then filed an adversary proceeding against the Department of Revenue (Department) in bankruptcy court seeking a determination of their Business & Occupation (B & O) tax liability under RCW 82.04.4289, a statute which is commonly referred to as the patient services exemption. The Petitioners claimed that this exemption applied to all nursing homes, whether for-profit or nonprofit. The Department took the position that the B & O tax exemption was afforded only to nonprofit nursing homes.
A bankruptcy judge reviewed what he referred to as the "plain language" of RCW 82.04.4289 as it existed until July 1, 1993, as well as the amended version of that statute which became effective July 1, 1993, and concluded that under both versions the Petitioners were entitled to a full exemption from B & O tax liability. (Order re: B & O Tax Claim at 2). The judge, therefore, entered an order enjoining the Department from "assessing, collecting or otherwise seeking to enforce any B & O tax liability against the Debtors...." (Order re: B & O Tax Claim at 3.)
The Department appealed that order to the United States District Court, Western District of Washington at Seattle. That court then certified this question to us: "Whether for-profit nursing homes are entitled to take a patient services exemption to their Business & Occupation taxes under RCW 82.04.4289." (Order Certifying Question to Supreme Court at 1.)
Two versions of RCW 82.04.4289, the patient services exemption from the B & O tax, are at issue. The first, governing the period prior to July 1, 1993, provided in pertinent part:
In computing tax there may be deducted from the measure of tax amounts derived as compensation for services rendered to patients or from sales of prescription drugs as defined in RCW 82.08.0281 furnished as an integral part of services rendered to patients by a hospital, as defined in chapter 70.41 RCW, which is operated as a nonprofit corporation, a kidney dialysis facility operated as a nonprofit corporation, whether or not operated in connection with a hospital, nursing homes and homes for unwed mothers operated as religious or charitable organizations, but only if no part of the net earnings received by such an institution inures directly or indirectly, to any person other than the institution entitled to deduction hereunder.
Laws of 1981, ch. 178, § 2, at 841. In 1993, section 305 of Engrossed Second Substitute Senate Bill 5304 was enacted, amending the above statute, as follows:
HOSPITAL EXEMPTION DELETED. ((In computing tax there may be deducted from the measure of tax)) This chapter does not apply to amounts derived as compensation for services rendered to patients or from sales of prescription drugs as defined in RCW 82.08.0281 furnished as an integral part of services rendered to patients by ((a hospital, as defined in chapter 70.41 RCW, which is operated as a non-profit corporation,)) a kidney dialysis facility operated as a nonprofit corporation, ((whether or not operated in connection *445 with a hospital,)) nursing homes, and homes for unwed mothers operated as religious or charitable organizations, but only if no part of the net earnings received by such an institution inures directly or indirectly, to any person other than the institution entitled to deduction hereunder.
Laws of 1993, ch. 492, § 305, at 2139.
Petitioners argue that both versions unambiguously exempt patient services income for all nursing homes, and that even if there is ambiguity, the rules of statutory construction favor their interpretation. The Department responds that the language of both versions is ambiguous and that both legislative history and rules of statutory construction limit the scope of the exemption to nonprofit nursing homes. We agree with the Department.
A tax exemption presupposes a taxable status and the burden is on the taxpayer to establish eligibility for the benefit. Group Health Co-op. v. Washington State Tax Comm'n, 72 Wash.2d 422, 429, 433 P.2d 201 (1967). In interpreting the scope of a tax exemption, we resolve ambiguities in favor of taxation and against exemption. Group Health, 72 Wash.2d at 429, 433 P.2d 201.

I
We look first at the 1981 version of the statute, which was in effect prior to July of 1993. Petitioners argue that the words "nursing homes" are not modified. Specifically, they claim the final phrase, "but only if no part of the net earnings received by such an institution inures directly or indirectly, to any person other than the institution entitled to deduction hereunder," refers only to homes for unwed mothers. We believe it is equally reasonable to read the final phrase as modifying all of the institutions named in the statute rather than just the last one. "Where a statute is susceptible to more than one meaning, it is ambiguous." Timberline Air Serv., Inc. v. Bell Helicopter-Textron, Inc., 125 Wash.2d 305, 312, 884 P.2d 920 (1994) (citing Shoreline Community College Dist. 7 v. Employment Sec. Dep't, 120 Wash.2d 394, 405, 842 P.2d 938 (1992)).
When a statute is ambiguous, we attempt to determine the intent of the Legislature. Human Rights Comm'n v. Cheney Sch. Dist. 30, 97 Wash.2d 118, 121, 641 P.2d 163 (1982). In ascertaining intent, we must look to the whole statute, rather than the single phrase at issue. Human Rights Comm'n, 97 Wash.2d at 121, 641 P.2d 163. The legislative history of the statute is an important tool to ascertain intent. See Bellevue Fire Fighters Local 1604 v. Bellevue, 100 Wash.2d 748, 751-53, 675 P.2d 592 (1984), cert. denied, 471 U.S. 1015, 105 S.Ct. 2017, 85 L.Ed.2d 299 (1985).
The statute in question here was originally enacted in 1945 and it provided an exemption for patient services income derived by "a hospital or other institution which is organized as a non-profit corporation." Laws of 1945, ch. 249, § 3, at 741. This language was followed by a proviso, mirroring the "but only if" language of the present statute. Shortly after the adoption of the statute, the Department's predecessor agency, the State Tax Commission, promulgated a rule that clearly limited the application of the exemption to nonprofit institutions, and did not apply it to for-profit institutions.[1]
In 1960, although the Legislature had not amended the statute, the Commission revised the rule to exclude nursing homes from being *446 eligible to claim the exemption.[2] The Legislature reacted by amending the statute to specifically include "nursing homes and homes for unwed mothers operated as religious or charitable organizations...." Laws of 1961, ch. 293, § 5, at 2364. These words were added by an amendment on the House floor and are the source of today's confusion. See House Journal, 37th Leg., 1004 (1961).
The Commission's rule interpreting the 1961 change, however, was very clear.[3] The rule, which was adopted immediately following the statutory amendment, applied the "but only if" language to nursing homes, so that the exemption was limited to only nonprofit homes. Later rules carried the same policy forward to today.[4] Meanwhile, the Legislature enacted various changes to the relevant section of the statute in 1979, 1980, and 1981.[5]
In interpreting a statute, we accord great weight to the contemporaneous construction placed upon it by officials charged with its enforcement, especially where the Legislature has silently acquiesced in that construction over a long period. Bennett v. Hardy, 113 Wash.2d 912, 928, 784 P.2d 1258 (1990). By 1993, the Legislature, the Department, and taxpayers had nearly fifty years of experience with the statute in general and over thirty years of experience with the specific words at issue here. During all that time, the Department and its predecessor commission have interpreted the statutory words by rule to provide an exemption only to nonprofit nursing homes. We decline to disturb that interpretation.

II
Turning to the 1993 amendment to RCW 82.04.4289, we see that the Legislature deleted hospitals from the statute entirely, and inserted a comma after the words "nursing homes." Rather than resolving the ambiguity, the comma made it even more difficult to decide which institutions were modified by the "but only if" language.
Again we look to the legislative history to clarify the ambiguity and determine the Legislature's intent. The 1993 amendment was part of the Health Care Reform Act, which began as Senate Bill 5304. If the Legislature had intended to change the applicability of the tax exemption so that it extended to both nonprofit and for-profit nursing homes, one would expect to find that fact in the published bill summaries. These summaries reflect no such change. See 1 Legislative Digest and History of Bills 126-29 (5th ed. May 4, 1994); 1993 Final Legislative Report 235-241 (1993). In fact, these documents reveal that the thrust of the bill was to *447 increase, rather than decrease, taxes in order to pay for health care reform. The title of the section, "Hospital Exemption Deleted," also fails to reflect any change with regard to nursing homes. Thus, the legislative history of the 1993 amendment supports continuation of the patient services exemption for only those nursing homes that are organized as nonprofit entities.
The Petitioners argue that, notwithstanding the statute's history, the "last antecedent" rule of statutory construction requires us to read the "but only if" language as modifying only "homes for unwed mothers" and to not modify "nursing homes." The last antecedent rule provides that, unless a contrary intention appears in the statute, qualifying words and phrases refer to the last antecedent. Boeing Co. v. Department of Licensing, 103 Wash.2d 581, 587, 693 P.2d 104 (1985). However, the presence of a comma before the qualifying phrase is evidence the qualifier is intended to apply to all antecedents instead of only the immediately preceding one. Judson v. Associated Meats & Seafoods, 32 Wash.App. 794, 801, 651 P.2d 222 (1982); 2A Norman J. Singer, Statutory Construction § 47.33 (5th ed. 1992). Here a comma introduced the "but only if" qualifier. While not conclusive, the presence and location of this comma supports the Department's position that the "but only if" language applies to all of the institutions listed in the statute. Applying this rule of construction along with the legislative history, we are able to conclude the patient services exemption applies only to nonprofit nursing homes and not to for-profit nursing homes.
In conclusion, for the reasons stated above, we answer no to the question propounded to us by the federal district court.
DURHAM, C.J., and DOLLIVER, SMITH, GUY, JOHNSON, MADSEN, TALMADGE and PEKELIS, JJ., concur.
NOTES
[1] Effective May 1, 1945, the relevant rule, Rule 168, then read, in part:

"In computing tax liability of hospitals under [the Business and Occupation Tax] Title II, there may be deducted from the measure of the tax the following:
". . . .
"(b) Amounts derived as compensation for services rendered to patients of a hospital or other institution which is organized as a non-profit corporation....
". . . .
"Persons operating hospitals, clinics, or other institutions, which are not organized or operated as above provided, are taxable under the classification of `Service and Other Business Activities' of Title II, at the rate of ½ of 1% of the gross income received from hospital services." Excise Tax Div. of the Tax Comm'n, Rules Relating to the Revenue Act, Rule 168 (revised May 1, 1945) (on file at Washington State Archives).
[2] Effective January 1, 1960, the following language was added to Rule 168:

"The terms `hospital' and `hospital or other institution' mean only institutions licensed as hospitals under Ch. 70.41 RCW and, hence, included within the definition of the term `hospital' in RCW 70.41.020(3). The terms do not include nursing homes, convalescent homes, clinics, rest homes, health resorts or similar institutions." Excise Tax Div. of the Tax Comm'n, Rules Relating to the Revenue Act, Rule 168 (revised Jan. 1, 1960) (on file at Washington State Archives).
[3] Effective June 8, 1961, Rule 168, then read, in part:

"The term `hospital' means only institutions defined as hospitals in Ch. 70.41 RCW. The term `nursing home' means only institutions defined as nursing homes in Ch. 81.51 RCW.
"In computing business tax liability of hospitals, there may be deducted from the measure of the tax the following:
". . . .
"In computing business tax liability of nursing homes and homes for unwed mothers there may be deducted from the measure of tax the following. Amounts derived as compensation for services rendered to patients by nursing homes and homes for unwed mothers operated as religious or charitable organizations but only if no part of the net earnings received by such nursing homes or homes for unwed mothers inures, directly or indirectly, to any person other than the institution entitled to deduction hereunder." Excise Tax Div. of the Tax Comm'n, Rules Relating to the Revenue Act, Rule 168 (revised Jan. 1, 1964) (on file at Washington State Archives) (emphasis added).
[4] See former WAC 458-20-168 (filed May 29, 1970); former WAC 458-20-168 (filed June 24, 1974); former WAC 458-20-168 (filed June 27, 1978); former WAC 458-20-168 (filed Mar. 15, 1983); former WAC 458-20-168 (filed Feb. 18, 1987); former WAC 458-20-168 (filed Dec. 15, 1987).
[5] See Laws of 1979, 1st Ex.Sess., ch. 196, § 5, at 1759-60; Laws of 1980, ch. 37, § 10, at 85-86; Laws of 1981, ch. 178, § 2, at 841.