192 P.3d 915 (2008)
145 Wash.App. 210
STATE of Washington, Appellant,
v.
Dean William HOGAN, Respondent.
No. 35534-5-II.
Court of Appeals of Washington, Division 2.
June 19, 2008.
*916 James C. Powers, Thurston County Prosecuting Attorney Ofc., Olympia, WA, for Appellant.
Robert Mason Quillian, Attorney at Law, Olympia, WA, for Respondent.
BRIDGEWATER, P.J.
¶ 1 The State appeals the trial court's order granting a motion for arrest of judgment in favor of Dean William Hogan (Hogan) after Hogan pleaded guilty to two counts of violating a domestic violence protection order by communicating with the protected person while she visited, him when he was in custody. Although Hogan's contact with the protected person was prohibited, it was not at one of the enumerated prohibited locations nor did it involve acts or threats of violence. Because the statute unambiguously criminalizes contact for which an arrest is required and RCW 10.31.100(2)(a) or (b) only permits an arrest where there is an act or threat of violence or intrusion into a prohibited location, the trial court did not err by holding that Hogan's contact violations were not crimes under former RCW 26.50.110(1)(2000). We affirm.

FACTS
¶ 2 On January 3, 2006, as part of an earlier sentence, the Thurston County Superior Court entered an order prohibiting contact/domestic violence against Hogan. The domestic violence order prohibited Hogan from contacting Lisa Holloway. While Hogan was serving his sentence in the Thurston County jail, Holloway visited him on four separate occasions during the months of January, February, and March 2006.
¶ 3 On May 5, 2006, the Thurston County prosecutor charged Hogan with four counts of violating a no-contact, protection or restraining order/domestic violence  third or subsequent violation of any similar order. Each count was identical in language with the exception of the date of the alleged offense. Count I reads:
COUNT I  VIOLATION OF NO CONTACT, PROTECTION, OR RESTRAINING ORDER/DOMESTIC VIOLENCE  THIRD OR SUBSEQUENT VIOLATION OF ANY SIMILAR ORDER, RCW 26.50.110(1), RCW 10.99.020, RCW 10.99.050(2)(B)  CLASS C FELONY:
In that the defendant, [Hogan], in the State of Washington, on or about January 2, 2006, with knowledge that the Thurston County Superior Court had previously issued a protection order, restraining order, or no contact order, pursuant to Chapter 10.99, 26.09, 26.10, 26.26, 26.50, or 74.34 RCW in state law in Cause No. 06-1-0009-2, did violate the order while the order was in effect by knowingly violating the restraint provisions therein by having contact with Lisa Holloway, his girlfriend, and furthermore, the defendant has at least two prior convictions for violating the provisions of a protection order, restraining order, or no-contact order issued under Chapter 10.99, 26.09, 26.10, 26.26, 26.50, *917 26.52, or 74.34 RCW, or a valid foreign protection order as defined in RCW 26.52.020.
CP at 4. On June 27, 2006, Hogan pleaded guilty to counts I and II in exchange for the State's promise to drop the two remaining counts.
¶ 4 On July 7, 2006, Hogan filed a motion to arrest judgment under CrR 7.4(a).[1] Hogan acknowledged that the State charged him under former RCW 26.50.110(1), RCW 10.99.020, and RCW 10.99.050(2)(b). He also acknowledged that RCW 10.99.050(2)(a) provides that a "[w]illful violation of a court order issued under this section is punishable under RCW 26.50.110." CP at 29. Hogan argued, however, that former RCW 26.50.110(1) criminalized only violations "for which an arrest is required under RCW 10.31.100(2)(a) or (b)." CP at 30. Hogan based his argument on the legislature's placement of the comma immediately preceding this phrase. Referencing the corollary to the last antecedent rule and legislative history, Hogan convinced the trial court that the State failed to prove his violations were crimes under former RCW 26.50.110(1). The trial court dismissed the charges.

ANALYSIS

I. RCW 26.50.110(1)
¶ 5 The State argues that the trial court erred by relying on former RCW 26.50.110(1) to define Hogan's crimes when it should have relied on RCW 10.99.050(2) and former RCW 26.50.110(5). Hogan contends that the trial court: (1) properly applied former RCW 26.50.110(1) to his violations, which arose under RCW 10.99.050; and (2) properly ruled that former RCW 26.50.110(1) was not ambiguous. Hogan is correct; the trial court did not err.
¶ 6 Here, the State charged Hogan with violating former RCW 26.50.110(1), RCW. 10.99.050(2)(b), and RCW 10.99.020. Accordingly, we do not reach the issue of whether Hogan's actions might have satisfied a charge of contempt.[2]
¶ 7 Our Supreme Court interpreted an even earlier version of RCW 26.50.110 (1996) in State v. Chapman, 140 Wash.2d 436, 448, 998 P.2d 282, cert. denied, 531 U.S. 984, 121 S.Ct. 438, 148 L.Ed.2d 444 (2000); but the legislature amended RCW 25.50.110 in 2000. Before this amendment, violation of a domestic violence no-contact order under former RCW 10.99.050(2) (1997) was a gross misdemeanor and a third violation was a felony. But in 2000, the legislature amended the statute, moving most of the language to RCW 26.50.110 and adding the "for which an arrest is required under RCW 10.31.100(2)(a) or (b)" language at issue in this case. Laws of 2000, ch. 119 § 24. Accordingly, Chapman, is no longer binding precedent on this court.
¶ 8 Before we continue our analysis, we note that the legislature unanimously amended RCW 26.50.110(1) during the 2007 session. See Laws of 2007, ch. 173. The legislature removed the cross-reference to RCW 10.31.100(2), which Hogan relies on here. See Laws of 2007, ch. 173, § 2. The legislature also stated in its findings that it meant "to restore and make clear its intent that a willful violation of a no-contact provision of a court order is a criminal offense and should be enforced accordingly to preserve the integrity and intent of the domestic violence act." Laws of 2007, ch. 173, § 1.[3]
¶ 9 We address Hogan's statutory argument under the criminal statutes in effect at *918 time he committed the crime unless the legislature expressed a different intent when subsequently amending the statute. RCW 10.01.040. The legislature expressed no such intent when it amended RCW 26.50.110(1) in 2007.
¶ 10 As amended in 2000, former RCW 26.50.110(1) provided:
Whenever an order is granted under this chapter, chapter 10.99, 26.09, 26.10, 26.26, or 74.34 RCW, or there is a valid foreign protection order as defined in RCW 26.52.020, and the respondent or person to be restrained knows of the order, a violation of the. restraint provisions, or of a provision excluding the person from a residence, workplace, school, or day care, or of a provision prohibiting a person from knowingly coming within, or knowingly remaining within, a specified distance of a location, or of a provision of a foreign protection order specifically indicating that a violation will be a crime, for which an arrest is required under RCW 10.31.100(2)(a) or (b), is a gross misdemeanor except as provided in subsections (4) and (5) of this section.
(Emphasis ours).
¶ 11 We first look to the statute's plain language in order to give effect to legislative intent. State v. Watson, 146 Wash.2d 947, 954, 51 P.3d 66 (2002). If the statute is unambiguous, we derive the legislature's intent from the plain language alone. Watson, 146 Wash.2d at 955, 51 P.3d 66. If the statute is ambiguous, we resort to principles of statutory construction, legislative history, and relevant case law to assist in our interpretation. Watson, 146 Wash.2d at 955-56, 51 P.3d 66. A statute is ambiguous if a reasonable person can interpret it in more than one way. Watson, 146 Wash.2d at 954-55, 51 P.3d 66.
¶ 12 Hogan argued and the trial court agreed that the phrase, "for which an arrest is required under RCW 10.31.100(2)(a) or (b)," applies to a violation of any of the four provisions mentioned in former RCW 26.50.110(1) because a comma precedes the phrase. CP 43, 48. Hogan based this contention on the corollary to the last antecedent rule. Br. of Resp't at 3.
The "last antecedent" rule of statutory construction "provides that, unless a contrary intention appears in the statute, qualifying words and phrases refer to the last antecedent." In re Sehome Park Care Ctr., Inc., 127 Wash.2d 774, 781, 903 P.2d 443 (1995) (emphasis added). A corollary to the rule is that "the presence of a comma before the qualifying phrase is evidence the qualifier is intended to apply to all antecedents instead of only the immediately preceding one." Sehome Park, 127 Wash.2d at 781-82, 903 P.2d 443.
In re Smith, 139 Wash.2d 199, 204, 986 P.2d 131 (1999).
¶ 13 Under the corollary to the last antecedent rule, the legislature's insertion of a comma requires us to apply the "for which an arrest is required under RCW 10.31.100(2)(a) or (b)" language to each of the circumstances mentioned in former RCW 26.50.110(1). At oral argument, the State candidly agreed that the last antecedent rule applies. The relevant language in former RCW 26.50.110(1) provides:
[A] violation of the restraint provisions, or of a provision excluding the person from a residence, workplace, school, or day care, or of a provision prohibiting a person from knowingly coming within, or knowingly remaining within, a specified distance of a location, or of a provision of a foreign protection order specifically indicating that a violation will be a crime, for which an arrest is required under RCW 10.31.100(2)(a) or (b), is a gross misdemeanor except as provided in subsections (4) and (5) of this section.
(Emphasis added).
¶ 14 The comma preceding "for which an arrest is required" does not appear to be a scrivener's error because if this court removed the comma, portions of the "for which an arrest is required under RCW 10.31.100(2)(a) or (b)" language would be superfluous. The provision immediately preceding the comma reads, "or of a provision of a foreign protection order specifically indicating that a violation will be a crime." RCW 10.31.100(2)(b) relates specifically to foreign protections orders, which are not at *919 issue here. This interpretation would render the reference in former RCW 26.50.110(1) to RCW 10.31.100(2)(a) as meaningless and inapplicable. This court interprets and construes statutes to give effect to all the language used, with no portion rendered meaningless or superfluous. Davis v. Dep't of Licensing, 137 Wash.2d 957, 963, 977 P.2d 554 (1999) (citing Whatcom County v. City of Bellingham, 128 Wash.2d 537, 546, 909 P.2d 1303 (1996)). Accordingly, we hold that, under the corollary to the last antecedent rule, the phrase in question applies to each of the provisions in former RCW 26.50.110(1). Former RCW 26.50.110(1) is not ambiguous as written.[4]
¶ 15 Given this, we must now determine whether Hogan's actions qualified as crimes under former RCW 26.50.110(1). RCW 10.31.100 provides:
(2) A police officer shall arrest . . . a person without a warrant when the officer has probable cause to believe that:
(a) An order has been issued of which the person has knowledge under RCW 26.44.063, or chapter 7.90, 10.99, 26.09, 26.10, 26.26, 26.50, or 74.34 RCW restraining the person and the person has violated the terms of the order restraining the person from acts or threats of violence, or restraining the person from going onto the grounds of or entering a residence, workplace, school, or day care, or prohibiting the person from knowingly coming within, or knowingly remaining within, a specified distance of a location or, in the case of an order issued under RCW 26.44.063, imposing any other restrictions or conditions upon the person.
(Emphasis added). In this case, because Holloway contacted Hogan at the county jail, we do not address instances in which an arrest can be made for no-contact order violations involving "going onto the grounds of or entering a residence, workplace, school, or day care, or prohibiting the person from knowingly coming within, or knowingly remaining within, a specified distance of a location." RCW 10.31.100(2)(a).
¶ 16 Based on the remaining plain language of RCW 10.31.100(2)(a), police officers with probable cause are required to arrest violators of domestic violence no-contact orders under chapter 10.99 RCW (restraining a party from having contact with the victim) only when the violation involves a threat or act of violence.[5] Because the State charged Hogan with violating former RCW 26.50.110(1) and he did not commit any acts or threats of violence nor did he violate any prohibition from contacting Holloway at specific locations,[6] Hogan's conduct did not constitute a crime.

II. FORMER RCW 26.50.110(1) and RCW 10.99.050(2)(B)
¶ 17 The State contends that the trial court's decision creates a conflict between *920 former RCW 26.50.110(1) and RCW 10.99.050(2)(b). When there is an apparent conflict between two statutes, we attempt to reconcile both to give effect to each. In re Pers. Restraint of Mayner, 107 Wash.2d 512, 522, 730 P.2d 1321 (1986). Although the State argues that former RCW 26.50.110(1) is in direct conflict with RCW 10.99.050(2)(b), we disagree.
¶ 18 RCW 10.99.050(2)(b) is an administrative instruction that provides the specific wording required for a no-contact order restricting the defendant's ability to have contact with the victim. RCW 10.99.050(2)(b) provides: "The written order shall contain the court's directives and shall bear the legend: Violation of this order is a criminal offense under chapter 26.50 RCW and will subject a violator to arrest."
¶ 19 We hold that former RCW 26.50.110(1) provides the elements necessary to prove a violation of a no-contact order. These elements include: (1) the existence of an order under this chapter or others, including chapter 10.99 RCW; (2) the restrained party knows of the order; (3) the restrained party violates the order; and (4) arrest is required under RCW 10.31.100(2)(a) or (b). If each of these elements is satisfied, the violation of a no-contact order is a crime. Here, Hogan's actions did not satisfy the fourth element because his actions did not involve an act or threat of violence; nor did they violate an order prohibiting him from contacting Holloway at specific locations. Thus, Hogan's act was not one for which an arrest was required under RCW 10.31.100(2)(a) or (b). In sum, we affirm the trial court's decision that Hogan did not commit a crime under former RCW 26.50.110(1).
¶ 20 Affirmed.
I concur: HUNT, J.
QUINN-BRINTNALL, J. (dissenting).
¶ 21 Initially, I note that this case supports the maxim that bad facts make bad law. I acknowledge that I question whether the legislature contemplated that someone in jail willfully violates a court ordered no-contact order by seeing a visitor who has misrepresented her identity in order to gain entry to the jail visiting area to visit an inmate who is prohibited from contacting her, and who has not threatened or enticed her to visit. I am aware that under the law, a recipient of a no-contact order willfully violates that order by responding to the protected party's request for contact, failing to leave the area following an unanticipated contact, or contacting the protected party by telephone even from jail. See, e.g., State v. Ward, 148 Wash.2d 803, 814, 64 P.3d 640 (2003); State v. Dejarlais, 136 Wash.2d 939, 942, 943-44, 969 P.2d 90 (1998); State v. Sisemore, 114 Wash.App. 75, 78, 55 P.3d 1178 (2002). But when the contact is wholly initiated by the protected party and occurs in a secure facility with a glass booth preventing' any actual physical contact and injury, I question whether the recipient has sufficient control over his ability to willfully make contact of the sort the legislature and the issuing court intended to prohibit with anyone not incarcerated in the same jail.
¶ 22 That said, courts have a responsibility to read statutes in a common sense and reasonable manner to avoid absurd results. And I agree with Division One's recent decision in State v. Bunker, 144 Wash.App. 407, 183 P.3d 1086, 2008 WL 1932670 at *7 (2008) (finding RCW 26.50.110 ambiguous and interpreting it in accord with the legislature's intention to make violating no-contact orders a crime).
¶ 23 Because Lisa Holloway contacted Dean William Hogan at the county jail, the majority of this court properly declined to address instances in which RCW 10.31.100(2)(a) requires that arrest be made for no-contact order violations involving "going onto the grounds of or entering a residence, workplace, school, or day care." But it also failed to address that portion of the statute "prohibiting the person from knowingly coming within, or knowingly remaining within, a specified distance of a location." RCW 10.31.100(2)(a) (emphasis added). In my view, assuming as the majority does that the arrest requirement of RCW 10.31.100(2)(a) applies to every preceding clause in the statute's "single, long, multi-clause sentence," the phrase nonetheless requires that a police officer arrest a person *921 without a warrant when the officer has probable cause to believe that
[a]n order [restraining the person] has been issued [under chapter 10.99 RCW] of which the person has knowledge ... and the person has violated the terms of the order ... prohibiting the person from knowingly coming within, or knowingly remaining within, a specified distance of a location.

RCW 10.31.100(2)(a) (emphasis added). The majority reads "location" to be a permanently fixed spot or place. I do not. In the context of no-contact orders, "location" frequently means where the protected party is standing, sitting, or lying. This is a discernable, though not static, location. The statute clearly contemplates the possibility of a mobile location and employs the active phrasing "knowingly coming within, or knowingly remaining within" a specified distance of a location. Many court ordered no-contact orders prohibit the restrained party from coming within a set number of feet of the protected party. Here, the court's order could have prohibited Hogan from knowingly coming within or knowingly remaining within a specified number of feet of Holloway. The court's order at issue in this case did not specify a distance. Instead, it provided:
[Hogan s]hall have no contact, directly, indirectly, in writing, by telephone or through other persons, (except attorneys) and shall have no contact with the residence, school, workplace or day care facility of: [Holloway,] but may have contact inside of doctor's office during wife's [appointments] for pregnancy.
Clerk's Papers at 41.
¶ 24 Here, Hogan violated the restraining order when he remained in the jail's visiting area in Holloway's presence and, in my view, RCW 10.31.100(2)(a) would have required police to arrest him for violating the order. By excluding from consideration the area of the protected person's location, the majority reads RCW 10.31.100(2)(a) and (b) to require arrest only after the restrained party commits acts or threats of violence. In my opinion, the majority's reading of what it considers to be the "plain reading" of the statute is unnecessarily narrow. This narrow reading does not acknowledge the statute's ambiguity and, therefore, fails to give the statute a reasonable reading that gives effect to the legislature's intent. See Bunker, 144 Wash. App. at 414, 183 P.3d 1086, 2008 WL 1932670 at *3. The majority's reading hampers the police officer's ability to timely and effectively prevent the contact the order prohibits and avoid further violence. In my opinion, the majority's unnecessarily narrow reading of the statute defeats the purpose of restraining orders which are designed to decrease opportunities for violent interaction by keeping the persons in question away from one another.
¶ 25 Accordingly, I agree with Division One's interpretation of former RCW 26.50.110(1) as set out in Bunker. I would reverse the trial court's order dismissing the charge and, because I lack the authority to substitute my judgment for that of the duly elected prosecuting authority, remand for further proceedings.
NOTES
[1] CrR 7.4(a) provides: "Judgment may be arrested on the motion of the defendant for the following causes: . . . (2) the indictment or information does not charge a crime; or (3) insufficiency of the proof of a material element of the crime."
[2] Former RCW 26.50.110(3) provides, "A violation of an order issued under this chapter . . ., [or] 10.99 . . . RCW . . ., shall also constitute contempt of court, and is subject to the penalties prescribed by law."
[3] Current RCW 26.50.110(1) reads as follows:

Whenever an order is granted under this chapter. . . and the respondent or person to be restrained knows of the order, a violation of any of the following provisions of the order is a gross misdemeanor:
(i) The restraint provisions prohibiting acts or. threats of violence against, or stalking of, a protected party, or restraint provisions prohibiting contact with a protected party;
Laws of 2007, ch. 173, § 2 (emphasis added).
[4] We note that this holding is consistent with this court's recent opinion in State v. Madrid, 145 Wash.App. 106, 192 P.3d 909, 2008 WL 2426601 (2008), and that it directly conflicts with Division One's recent holding that former RCW 26.50.110 was ambiguous in State v. Bunker, 144 Wash. App. 407, 183 P.3d 1086 (2008). Because we do not find RCW 26.50.110 ambiguous, we disagree with Division One's analysis, and do not address legislative history.
[5] The dissent asserts:

[T]he majority's unnecessarily narrow reading of the statute defeats the purpose of restraining orders which are designed to decrease opportunities for violent interaction by keeping the persons in question away from one another.
Dissent at page 921. We agree that restraining orders are "designed to decrease opportunities for violent interaction" between designated persons. But it is not our allegedly "narrow reading" that thwarts this design here.
Where statutory language inadvertently falls short of accomplishing its purpose, the legislature may act to correct the deficiency. For example, just last year the legislature amended former RCW 26.50.110(1) to remove "for which an arrest is required," the language at issue here, so that the statute no longer "defeats the purpose of restraining orders." Dissent at 921. We agree with the dissent that we "lack the authority to substitute [our] judgment for that of the prosecuting authority." Dissent at 921. We respectfully add that we also lack the authority to rewrite statutes to correct plain language deficiencies.
[6] With all due respect, the dissent mischaracterizes our holding. We do not, as the dissent asserts, "exclud[e] from consideration the area of the protected person's location" because it is not at issue here. Dissent at page 921.